UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FAMILY DOLLAR STORES, INC., WAGE
AND HOUR EMPLOYMENT PRACTICES LITIGATION

| | |
|---|---|
| Albert Itterly v. Family Dollar Stores, Inc., et al., ) | |
|    W.D. North Carolina, C.A. No. 3:08-1936  ) | MDL No. 1932 |
|   (formerly E.D. Pennsylvania, C.A. No. 5:08-1266)  ) | |

**REMAND ORDER**

     **Before the Panel**:[*]  Pursuant to Panel Rule 10.2, defendants Family Dollar Stores of Pennsylvania, Inc., and Family Dollar Stores, Inc. (collectively Family Dollar) move to vacate our order that conditionally remanded an action (*Itterly*) to the Eastern District of Pennsylvania, its transferor court.  Plaintiff in the *Itterly* opposes the motion.

     The Panel placed this action on a conditional remand order after receiving a letter from the transferee judge questioning "whether it is appropriate for this Court to continue presiding over this case."  In order to present the parties' arguments before the Panel, as requested by the transferee judge, this letter was treated as a suggestion of remand.

     *Itterly* was transferred to W.D. North Carolina by unopposed conditional transfer order in May 2008.  *Itterly* is a former store manager who, on behalf of himself and a putative Pennsylvania class, contends he was misclassified as exempt from overtime requirements of the Pennsylvania Minimum Wage Act, 43 Penn. Stat. §§ 333.101, *et seq*.  In September 2011, *Itterly* withdrew all his Fair Labor Standards Act claims, leaving only his individual and class claims under Pennsylvania law.

     After considering all argument of counsel, the Panel finds that remand of *Itterly* is appropriate and consistent with our previous practice in this MDL.  The Panel has previously remanded transferred actions that contained only state law claims to their respective transferor courts.[1]  Similarly, the Panel has denied transfer of an action containing only state law claims.  *See* Order Denying Transfer of *Barker, et al. v. Family Dollar, Inc.*, W.D. Kentucky, C.A. No. 3:10-170, Doc.

---

[*]  Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

[1]  *See* Order of Remand in two New York actions (*Rancharan/Youngblood*), Doc. 74 (J.P.M.L. August 17, 2010) ("In the matter now before us, the transferee judge determined, after close scrutiny, that actions which do not bring claims under the Fair Labor Standards Act are not appropriate for inclusion in this MDL.  [A] transferee judge is always free to suggest early remand of state law claims, especially where he believes that such claims would be more appropriately resolved by the transferor courts. We adopt his assessment.").

-2-

75 (J.P.M.L. August 17, 2010). As we held in *Barker*, "While some MDL No. 1932 actions involve claims under both the FLSA and various state wage and hour statutes, the transferee judge ... has determined that actions which involve only state law claims would not benefit from inclusion in this MDL. [] Just as an MDL may sometimes expand to include claims which were not initially anticipated, an MDL can also become limited in order to promote the just and efficient conduct of the litigation." Here, *Itterly* previously contained FLSA claims, but plaintiff has since abandoned such claims. Thus, *Itterly* now consists solely of state law claims and, consistent with our past practice in this docket, should be remanded to its transferee court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is remanded to the Eastern District of Pennsylvania.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil           Barbara S. Jones
Paul J. Barbadoro           Marjorie O. Rendell
Charles R. Breyer